IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **FARLEY'S FOREST PRODUCTS, INC.,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Case No.: 7:25-cv-1862-ACA |
| ] | |
| **RSUI INDEMNITY COMPANY,** ] | |
| **and LANDMARK AMERICAN** ] | |
| **INSURANCE COMPANY,** ] | |
| ] | |
| Defendants. ] | |

## MEMORANDUM OPINION AND ORDER

Defendant/Third-Party Plaintiff Farley's Forest Products, Inc. was sued in state court by plaintiffs who have since settled and dismissed their claims against Farley's Forest. (Doc. 1-1 at 159–66). Farley's Forest filed a third-party complaint against Third-Party Defendants RSUI Indemnity Company and Landmark American Insurance Company. (Doc. 1-3 at 74–80). After the plaintiffs and Farley's Forest settled their claims, RSUI and Landmark removed the case to this court. The court ordered RSUI and Landmark to show cause why the court had jurisdiction (doc. 4), and Farley's Forest moved to remand shortly after (doc. 6). Because the notice of removal is procedurally improper, the court **REMANDS** the action to state court for further proceedings.

I.      **BACKGROUND**

Plaintiffs Shelia Daniels and Jamal Henderson were injured in a car accident caused by road damage from timber and logging operations. (Doc. 1-1 at 161 ¶¶ 9–10). They sued Farley's Forest in the Circuit Court of Greene County for negligence and wantonness related to operations that allegedly caused the road damage. (*Id*. at 161–63 ¶¶ 13, 18). Farley's Forest retained private counsel and filed an answer. (Doc. 1-2 at 41, 56).

Farley's Forest then filed a third-party complaint against RSUI and Landmark, with whom it had a commercial general liability policy. (Doc. 1-3 at 74–75; doc. 1-11 at 18). The third-party complaint alleged breach of contract and bad faith against RSUI and Landmark for failing to indemnify and defend Farley's Forest by not filing an answer to Ms. Daniels and Mr. Henderson's complaint. (Doc. 1-3 at 77–78; doc. 1-11 at 20–24).

Ms. Daniels and Mr. Henderson settled their claims with Farley's Forest and dismissed all claims against it with prejudice. (Doc. 1-12 at 48, 65). When Ms. Daniels and Mr. Henderson dismissed the lawsuit, complete diversity among the parties existed for the first time. (Doc. 1 ¶¶ 25–27; doc. 1-1 at 15 ¶¶ 1–2, 6). RSUI and Landmark accordingly removed the action to this court. (Doc. 1 at 1).

## II.     **DISCUSSION**

Any civil case filed in state court "may be removed by the defendant" to federal court if the case could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). A third-party defendant is not a "defendant" for purposes of removal, and therefore cannot remove a case to federal court. *Bowling v. U.S. Bank Nat'l Ass'n*, 963 F.3d 1030, 1040 (11th Cir. 2020). RSUI and Landmark are third-party defendants. Thus, the notice of removal was procedurally defective because RSUI and Landmark cannot remove the case. *Id*.

RSUI and Landmark contend that although they began the litigation as third-party defendants, they were converted to defendants when the original plaintiffs dismissed their claims against Farley's Forest with prejudice. This court is not persuaded. In *Home Depot U. S. A., Inc. v. Jackson*, the Supreme Court held that a third-party defendant cannot remove an action to federal court, even when the original plaintiff dismissed its actions against the defendant/third-party plaintiff. 587 U.S. 435, 439, 444 (2019). The Court reasoned that 28 U.S.C. § 1441(a) permits removal when a plaintiff could have filed a complaint in federal court because the complaint alleged claims arising under a federal court's original jurisdiction. *Id*. 441–42. Because original jurisdiction cannot be based on counterclaims, a third-party defendant's claims are irrelevant to whether the original action could have been brought in federal court. *Id*. Thus, a third-party

3

defendant cannot remove a case, even after the original plaintiff no longer pursued claims. *Id*. at 439, 444.

RSUI and Landmark attempt to differentiate their case from *Home Depot* because (1) Ms. Daniels and Mr. Henderson dismissed their claims before RSUI and Landmark removed the case and (2) the underlying claims in this suit were dismissed with prejudice. Neither justification is persuasive. The third-party defendant in *Home Depot* also removed the case after the plaintiff dismissed its claims against the defendant. *Id*. at 439 ("Citibank dismissed its claims against Jackson. One month later, Home Depot filed a notice of removal."). And although the Court in *Home Depot* did not specify whether the plaintiff dismissed its claims with or without prejudice, this court does not see how, and Defendants do not explain why, it would make a difference. (*See* doc. 5 ¶ 8).

RSUI and Landmark argue that *Interior Cleaning Sys., LLC v. Crum*, No. CIV.A. 14-0199-WS-N, 2014 WL 3428932, at *2–4 (S.D. Ala. July 14, 2014) created an exception for third-party defendants to remove a case when the plaintiff's claims are no longer at issue. Even assuming this non-binding decision is still good law after *Bowling*, the reasoning RSUI and Landmark cite is inapposite. *Interior Cleaning* identifies cases in which a third-party defendant was able to remove a case when the original action brought by the plaintiff against the defendant was severed. *Id*. at *4 (citing *Cent. of Georgia Ry. Co. v. Riegel Textile*

*Corp.*, 426 F.2d 935, 938 (5th Cir. 1970)). Plaintiffs' claims here were not severed—they were dismissed. This fact brings the case squarely within *Home Depot* and *Bowling*'s holdings.

### III.   CONCLUSION

RSUI and Landmark are not "defendants" for purposes of removal under 28 U.S.C. § 1441(a). Because this case can be remanded on that basis alone, the court does not address Farley's Forest's remaining arguments. Accordingly, the court **REMANDS** this case to state court for further proceedings.

**DONE** and **ORDERED** this November 25, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE